IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

JUAN RAMON QUERO-MENDEZ [29],
aka "Yoshafat Arriaga-Duar", "Junior
Pimental-Valle", "Ramón", "Luis Xavier De
León-González",

Defendant.

CRIMINAL NO.  11-589 (GAG)

## REPORT AND RECOMMENDATION

Defendant Juan Ramón Quero-Méndez was charged in Counts One, Two, Three through Forty-Three of the First Superseding Indictment and he agreed to plead guilty to Counts One and Two of the First Superseding Indictment. Count One charges a conspiracy to commit identification fraud, in violation of Title 18, United States Code, Sections 1028(f), (b)(1)(A) & (B), and (c)(1) & (3) and the forfeiture allegation.

Count Two charges a conspiracy to encourage an alien to reside in the United States for financial gain, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv), (a)(1)(A)(v)(I) & (a)(1)(B)(I); and the defendant also agrees to forfeiture and to the entry of a stipulated judicial order of removal.

On September 20, 2013, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which she signed and agreed upon voluntarily after examination in open court, under oath.

United States of America v. Juan Ramón Quero-Méndez [29]
Criminal No. 11-589 (GAG)
Report and Recommendation
Page 2

Defendant indicated and confirmed his intention to plead guilty to Counts One and Two of the First Superseding Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1]  Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Counts One and Two, he was examined and verified as being correct that: he had consulted with his counsel, Miguel Oppenheimer, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the First Superseding Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

reasonable doubt.  Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf.  He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.  Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify.  Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Oppenheimer, indicated he freely and voluntarily waived those rights and understood the consequences.  During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty.  The statutory penalty for the offense as charged in Count One is term of imprisonment of not more than fifteen (15) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), and a term of supervised release of not more than three (3) years, all pursuant to Title 18, United States Code, Section 1028, 3571 and 3583.

United States of America v. Juan Ramón Quero-Méndez [29]
Criminal No. 11-589 (GAG)
Report and Recommendation
Page 4

The statutory penalty for the offense as charged in Count Two is a term of imprisonment of not more than ten (10) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), and a term of supervised release of not more than three (3) years, all pursuant to Title 8, United States Code, Section 1324 and Title 18, United States Code, Sections 3571 and 3583.

The Court must also impose a mandatory penalty assessment of one hundred dollars ($100.00), per count of conviction, for a total of two hundred dollars ($200.00), to be deposited in the Crime Victim Fund.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement (Pursuant to Rule 11(c)(1)(C) FRCP)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to paragraph number Six of the Agreement, the undersigned apprised defendant of the Rule 11(c)(1)(C) Warnings. To this effect, defendant [29] Juan Ramón Quero-Méndez, understands that the parties have agreed to recommend to the Court that a term of imprisonment of thirty-six (36) months is the appropriate disposition of this case. The defendant understands that the Court may either accept or reject this sentencing recommendation, as more specifically described below:

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

United States of America v. Juan Ramón Quero-Méndez [29]
Criminal No. 11-589 (GAG)
Report and Recommendation
Page 5

  a.  Should the Court accept the sentencing recommendation, the Court would sentence the defendant to the agreed upon term of imprisonment;

  b.  Should the Court reject the sentencing recommendation, the Court would allow the defendant an opportunity to withdraw defendant's guilty plea. In this event, should the defendant not withdraw the guilty plea, then the Court could dispose of the case less favorably toward the defendant than the plea agreement contemplated. Should the Court reject the sentencing recommendation, the United States would have the right to withdraw from the plea agreement entirely. See United States v. Moure-Ortíz, 184 F.3d 1 (1st Cir. 1999).

  The above-captioned parties' estimate and agreement that appears on pages four and five, paragraph eight of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. For Count One, the Base Offense Level pursuant to U.S.S.G. §2L2.1(a) is of Eleven (11). Pursuant to U.S.S.G. § 2L2.1(b)(2)(C), an increase of nine (9) level is agreed for more than 100 documents where involved. Pursuant to U.S.S.G. § 3B1.1(c), an increase of two (2) levels is agreed for aggravating role. Pursuant to U.S.S.G. § 3E1.1(a) & (b), a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Nineteen (19). Assuming a Criminal History Category I it yields an imprisonment range of Thirty (30) to Thirty-Seven (37) months.

  For Count Two, the Base Offense Level pursuant to U.S.S.G. §2L1.1(a)(3) is of Twelve (12). Pursuant to U.S.S.G. § 2L1.1(b)(2)(C), an increase of nine (9) level is agreed for more than 100 documents where involved. Pursuant to U.S.S.G. § 3B1.1(c), an increase of two (2) levels is agreed for aggravating role. Pursuant to U.S.S.G. § 3E1.1(a) & (b), a decrease

of three (3) levels is agreed for acceptance of responsibility.  Therefore, the Total Offense Level is of Twenty (20).  Assuming a Criminal History Category I it yields an imprisonment range of Thirty-Three (33) to Forty-One (41) months.

The parties agree to recommend to the Court, that the defendant be sentenced to serve a term of imprisonment of thirty-six (36) months as to Count One and thirty-six (36) months as to Count Two (concurrent with Count One), for a total of thirty-six (36) months of imprisonment.  The parties specifically agree to the above mentioned sentence recommendation irrespective of defendant's criminal history category and resulting advisory guideline range.  The parties further agree that any recommendation by any party for a term of imprisonment outside the stipulated sentence constitutes a material breach of the Plea Agreement.  At the time of sentencing the government will move to dismiss all remaining counts of the First Superseding Indictment as they pertain to the defendant.

The United States and the defendant agree that no further adjustment or departures to the defendant's total adjusted base offense level and no variance sentence under Title 18, United States Code, Section 3553 shall be sought by defendant.  The parties agree that any request by the defendant for an adjustment or variance will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either Guidelines or statutory.

There parties do not stipulate any assessment as to the defendant's Criminal History Category.

<u>United States of America v. Juan Ramón Quero-Méndez</u> [29]
Criminal No. 11-589 (GAG)
Report and Recommendation
Page 7

The defendant agrees to the following forfeiture:

a.      Defendant hereby agrees to forfeit all proceeds of the criminal offense committed by the defendant in violation of Title 18, <u>United States Code</u>, Section 1028(f), (b)(1)(A) & (B), and (c)(1) & (3), as required by Title 18, <u>United States Code</u>, Section 982(a)(2)(B), to include a money judgment of $17,180.00, as well as all personal property used or intended to be used in the commission of the offense as required by Title 18, <u>United States Code</u>, Section 1028(b)(5), and all illicit authentication features, identification documents, document-making implements, or means of identification as required by Title 18, <u>United States Code</u>, Section 1028(h).

b.      Defendant hereby agrees to forfeit any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the criminal offense, any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the criminal offense, and any property, real or personal, used to facilitate or intended to be used to facilitate the commission of the criminal offense in violation of Title 8, <u>United States Code</u>, Section 1324(a)(1)(A)(iv) & (a)(1)(A)(v)(I) & (a)(1)(B)(i) as required by title 18, <u>United States Code</u>, Section 982(a)(6).

c.      Defendant acknowledges that forfeiture is part of the sentence that may be imposed in this case and hereby agrees to the entry of an order of forfeiture at the time of sentencing.

d.      As part of the defendant's Plea Agreement with the United States, the defendant consents to and agrees not to contest the forfeiture to the government.

e.       In the event that the defendant cannot tender all assets subject to forfeiture at sentencing, the defendant agrees to forfeit the defendant's interest in substitute assets equal in value to the assets subject to forfeiture as provided in Title 21, United States Code, Section 853(p).

f.       Defendant agrees that the defendant will cooperate with the government by taking whatever steps are necessary to fulfill this forfeiture obligation, including fully disclosing all assets in which the defendant has had any legal or beneficial ownership interest in as requested by the government.  The defendant acknowledges that failing to cooperate in full in either the forfeiture or the disclosure of assets constitutes a breach of this Plea Agreement.

g.       The defendant hereby waives the requirements of Fed.R.Crim.P. 32.2 and 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement, and further agrees to not contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds, including that the forfeiture constitutes double jeopardy or an excessive fine or punishment.

Defendant is an alien.  Defendant acknowledges that pleading guilty and entering into this plea may have negative effects upon defendant's immigration status in the United States.

a.       The defendant agrees to the entry of a stipulated judicial order of removal pursuant to Title 8, United States Code, Section 1228(c)(5).  Specifically, the defendant agrees that the defendant is removable from the United States upon the completion of the sentence imposed in this case.  The defendant consents to the entry of an order of removal

United States of America v. Juan Ramón Quero-Méndez [29]
Criminal No. 11-589 (GAG)
Report and Recommendation
Page 9

issued by this Court and to the immediate execution of such order upon completion of the

sentence imposed in this case.  The defendant waives the right to the notice and hearing

provided for in Title 8, United States Code, Section 1228(c)(2), and further waives any and

all right to appeal, reopen, reconsider, or otherwise challenge this stipulated removal.  The

United States represents that it has sought and received the Secretary of the Department

of Homeland Security's permission to seek the defendant's stipulated removal pursuant to

Title 8, United States Code, Section 1228(c)(5). The defendant further agrees, together with

the United States, to request that the District Court enter a specific finding that the

defendant's waiver of the defendant's right to challenge the stipulated removal was knowing

and voluntary.

b.     The defendant agrees to waive the defendant's rights to any and all forms of

relief or protection from removal, deportation, or exclusion under the Immigration and

Nationality Act (as amended) and related federal regulations.  These rights include, but are

not limited to, the ability to apply for the following forms of relief or protection from

removal: (a) voluntary departure; (b) asylum; (c) withholding of deportation or removal;

(d) cancellation of removal; (e) suspension of deportation; (f) adjustment of status; and (g)

protection under Article 3 of the Convention Against Torture.  However, nothing in this

Plea Agreement shall prohibit the defendant from applying for asylum, withholding of

removal, or protection under Article 3 of the Convention Against Torture, provided the

application is based solely on changed circumstances arising after the entry of this plea but

before the defendant's removal.

c.     The defendant agrees to assist the U.S. Department of Homeland Security

(DHS) in the execution of the defendant's removal.  Specifically, the defendant agrees to

assist the DHS in the procurement of any travel or other documents necessary for the defendant's removal; to meet with and to cooperate with representatives of the country or countries to which the defendant's removal is directed; and to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal. The defendant further understands that the defendant's failure or refusal to assist the DHS in the execution of the defendant's removal shall breach this Plea Agreement and may subject the defendant to criminal penalties under Title 8, United States Code, Section 1253.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Stipulation of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was able to understand the explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea.  Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law.  With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case.  Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph nineteen (19) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

United States of America v. Juan Ramón Quero-Méndez [29]
Criminal No. 11-589 (GAG)
Report and Recommendation
Page 12

Defendant waived the reading of the First Superseding Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Counts One and Two, and was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Counts One and Two of the First Superseding Indictment in Criminal No. 11-589 (GAG).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One and Two of the First Superseding Indictment in Criminal No. 11-589 (GAG).

IT IS SO RECOMMENDED.

The sentencing hearing will be set by Honorable Gustavo A. Gelpí, District Court Judge.

San Juan, Puerto Rico, this 23rd day of September of 2013.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE